## MARTIN v. CURTISS AEROPLANE & MOTOR CO., Inc.

District Court, E. D. New York.   May 29, 1928.

### No. 3202.

1. Patents ⬅114—Decisions of Patent Office should be given weight in suit by unsuccessful applicant for patent (35 USCA § 63).

In action under Rev. St. § 4915, as amended by Act March 2, 1927, § 11 (35 USCA § 63), by unsuccessful applicant for patent, decisions and findings of Patent Office, though not binding on court, should be given weight.

2. Patents ⬅114—Unsuccessful applicant, suing for patent, must show he conceived invention described by precise language used in interference, constituting claims of successful party (35 USCA § 63).

In suit under Rev. St. § 4915, as amended by Act March 2, 1927, § 11 (35 USCA § 63), by unsuccessful applicant for patent, for wing type radiator for aeroplanes, plaintiff must show that he conceived of radiator described by precise language used in interference, and constituting claims of successful applicant.

3. Patents ⬅90(2)—Person first conceiving of invention, but last to reduce to practice, cannot claim patent, without proof of reasonable diligence.

Where plaintiff was first to conceive of invention, and last to reduce to practice, he cannot claim patent, in absence of proof of reasonable diligence.

4. Patents ⬅90(3)—Delay from July, 1919, till April 3, 1923, in reducing invention to practice, held lack of diligence.

Plaintiff, if first to conceive of invention, *held* to have failed to show due diligence in reducing to practice, where he waited from July, 1919, to April 3, 1923, notwithstanding excuses of poverty and that he was under subpœna of House of Representatives during part of time.

5. Patents ⬅114—Applicant, suing under statute for patent, must establish case by evidence carrying thorough conviction (35 USCA § 63).

In suit for patent under Rev. St. § 4915, as amended by Act March 2, 1927, § 11 (35 USCA

§ 63), brought by unsuccessful applicant, burden of proof is on plaintiff to establish case by evidence which in character and amount carries thorough conviction.

·In Equity. Suit by James V. Martin against the Curtiss Aeroplane & Motor Company, Inc.; William E. Valk, Jr., attorney of record. Decree.for defendant.

James V. Martin, pro se.

Henry G. Hotchkiss, of New York City, for' defendant.

CAMPBELL, District Judge. This is an action brought pursuant to the provisions of section 4915 of the Revised Statutes, now title 35, § 63, of the Code of Laws of the United States, in effect December 7, 1925, as amended by Act of March 2, 1927, § 11, which reads as follows:

"Sec. 4915. Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the Court of Appeals of the District of Columbia, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall· authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not. In all suits brought hereunder where there are adverse parties the record in the Patent Office shall be admitted in whole or in part, on motion of either party, subject to such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court may impose, without prejudice, however, to the right of the parties to take further testimony. The testimony and exhibits, or parts thereof, of the record in the Patent Office when admitted shall have the same force and effect as if originally taken and produced in the suit." 35 USCA § 63.

In accordance with the stipulation of the parties, which forms part of the record, and in pursuance of said statute, the evidence in this case consists of a specified portion of the testimony, exhibits, pleadings, and decisions rendered in and by the various sections of the Patent Office.

The invention involved in this case is described by the plaintiff in paragraph 3 of his complaint as that defined in the interference proceeding instituted in the United States Patent Office, under date of June 21, 1924, entitled Black and Martin v. Thurston, Interference No. 51,164, which reads as follows:

"Count 1. In an airplane, the combination, with an airplane wing and a motor, of a radiator for cooling the motor, comprising a plurality of radiator cells so organized and related one to the other as to provide separate skinlike cover sections fastened respectively against the upper and lower surfaces of the wing.

"Count 2. In an aeroplane, the combination, with an aeroplane wing and·a motor, of a radiator for cooling the motor, comprising a plurality of radiator cells, so organized and related one to the other as to provide a hollow shell of wing profile, through the hollow of which the aeroplane wing is adapted to extend.

"Count 3. In an aeroplane, the combination with an aeroplane wing and a motor, of a radiator for cooling the motor comprising a hollow shell of wing profile, the walls of the shell being of cellular construction for the purpose of providing for the circulation of a, cooling agent therethrough, said shell in its relation to the aeroplane wing being such that the latter is adapted to pass therethrough without a break in its continuity.

"Count 4. A wing type radiator for aeroplanes, comprising a cellular structure of ·wing profile, the structure in cross-section being hollow, whereby the aeroplane wing, upon which the radiator is mounted, is adapted to pass uninterruptedly through it, the cells collectively providing both a top and bottom covering for at least a portion of the wing.

"Count 5. In an aeroplane, the combination of an aeroplane wing and a motor, of a radiator for cooling the motor, comprising a plurality of radiator cells, arranged in parallelism in·a fore and aft direction, the cells collectively affording a hollow shell through which the aeroplane wing is adapted to extend uninterruptedly."

· On May 16, 1921, A. L. Thurston, the defendant's assignor, filed his application, serial No. 470,186. On July 21; 1923, Archibald Black and James V. Martin, the plaintiff, filed their joint application, serial No.

652,999. On June 21, 1924, the Patent Office found an interference existing between the said applications. Testimony was taken on behalf of both sides.

On August 27, 1925, the Examiner of Interferences rendered his decision, awarding priority of invention to A. L. Thurston, defendant's assignor, and the basis for such decision, as appears from his opinion, was that Thurston's date of conception was in July, 1920, and the date of filing his application May 16, 1921; that Black and Martin did not meet until December, 1920, or January, 1921, and did not as joint applicants take any further step until the filing of their application on July 21, 1923, and therefore, as to the joint application, Black and Martin were the last to conceive and the last to reduce to practice.

He further considered whether either Black or Martin had any claim to the invention on the assumption that he was the sole applicant, and found they had not, because, even if Black be considered as sole applicant, and that he conceived of the invention on June 12, 1916, he filed his application on November 15, 1916, which application became abandoned on May 9, 1920, because no appeal had been taken from a final rejection given the claims by the Primary Examiner, and that Black was not diligent, and his first date of reduction to practice could not be the date of filing his first application, but was the date of filing the joint application, July 12, 1923, and that therefore, even on the assumption that Black was the first to conceive, he could not prevail over Thurston, who was first to reduce to practice. Further, that if Martin be considered as sole applicant, and that he conceived of the invention in March, 1919, he filed no application therefor until he filed the joint application of Black and Martin, on July 12, 1923, and that he was not diligent and could not prevail over Thurston, who was first to reduce to practice.

An appeal was taken to the Examiners in Chief of the Patent Office, and they, on February 19, 1926, in an opinion dated that day, affirmed the decision of the Examiner of Interferences. A petition for rehearing was denied by the Examiners in Chief, on March 8, 1926, and they specifically reaffirmed their decision of February 19, 1926.

A petition to reopen the proceedings for the purpose of taking further testimony was denied by the Examiner of Interferences, on April 7, 1926, and on April 27, 1926, this decision was reaffirmed, and a petition to reopen denied. The Examiner of Interferences denied another motion to reopen the interference on May 7, 1926.

The Commissioner of Patents, on July 6, 1926, affirmed the position of the Examiner of Interferences in denying the motion to reopen the case, and on August 5, 1926, the Commissioner of Patents denied a petition asking for a review and rehearing. The Commissioner of Patents, on December 30, 1926, declined to review and rehear the case.

An appeal having been taken to the Commissioner of Patents from the decision of the Examiners in Chief, the Assistant Commissioner of Patents, on April 27, 1927, rendered a decision dated that day affirming the decision of the Examiners in Chief in awarding priority of invention to A. L. Thurston, defendant's assignor. No decision of any section of the Patent Office which is in evidence has favored sustaining the claim of the plaintiff in this action, but, on the contrary, the holding has been unanimous in awarding priority of invention to A. L. Thurston, defendant's assignor.

Not only have the decisions sustaining the priority of invention of A. L. Thurston, assignor of the defendant, been well reasoned, but in nearly every instance a petition for rehearing has been presented and denied, in an opinion which reaffirmed the decision. I have carefully read the stipulated evidence in this case, and the letters and papers subsequently submitted by plaintiff, and the briefs on behalf of both parties.

[1] From such reading it is apparent that careful consideration was given, in the several sections of the Patent Office, to all the evidence submitted, and that well-considered opinions were filed with the decisions, and, while the acts of the Patent Office are not binding on this court, weight should be given to the decisions and findings of fact and law made by that Office. Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657; Curtiss Aeroplane & Motor Corporation v. Janin (C. C. A.) 278 F. 454; Gold v. Newton (C. C. A.) 254 F. 824. The evidence clearly shows that there was no joint inventorship by Black and Martin of anything in issue, and this it appears to me is sufficient to dispose of the case.

[2] The Examiner of Interferences and the Examiners in Chief, however, on the authority of In re Roberts, 49 App. D. C. 250, 263 F. 646, also investigated the question of priority of invention as between Black and Martin as the sole inventor and the party Thurston. In re Roberts, supra, is not in my opinion authority for the position taken by the Examiner of Interferences and the Examiners in Chief, because there was no such mistake in the filing of the application by Martin and Black as is found in that case;

in fact, there seems to have been no mistake of fact whatever, nor did Martin with diligence seek to correct the error by amendment and a showing of good faith.

But, in the event that it be held that Martin is entitled to have this court consider the question of priority between him as sole inventor and Thurston, I will consider that question. Martin must show more than that he conceived of the wing type radiator. What is required is that he show that he conceived of the radiator described by the precise language used in the interference found which constitutes the claims of the Thurston application. The models, M. P. 1 and M. 6, are not in evidence, and I can find no evidence that they had anything manufactured or put on to the model equivalent to the wing type radiator, or indicative thereof, and it is not on argument, but on evidence, that this case must be decided.

Considering all the evidence in the case, which, in addition to the evidence introduced in the interference, also includes the affidavits claimed in that proceeding to be newly discovered evidence, and which plaintiff sought to introduce in the interference proceeding, I am not convinced that the invention claimed to have been conceived by Martin in March, 1919, involved the subject-matter described in the interference which is the issue of the present case.

[3, 4] However, if plaintiff be justified in his claim of a conception date of March, 1919, Thurston's conception date of July, 1920, is not questioned. Thurston applied for a patent May 16, 1921, and Black and the plaintiff applied for a joint patent July 21, 1923.

If plaintiff's claim of being the first to conceive the invention at issue be upheld, the situation would be that, the plaintiff being the first to conceive and the last to reduce to practice, he could not claim the patent, in the absence of proof by him of reasonable diligence. Christie v. Seybold (C. C. A.) 55 F. 69; Automatic Weighing Mach. Co. v. Pneumatic Scale Corp. (C. C. A.) 166 F. 288, 298; Twentieth Century Machinery Co. v. Loew Mfg. Co. (C. C. A.) 243 F. 373, 382; Lowe v. Pacific Gas & Electric Co. (D. C.) 2 F.(2d) 157.

I fail to see how due diligence on the part of the plaintiff is shown by waiting from July, 1919, to April 3, 1923, to hear the results of the tests of the brass model, M. P. 1 and M. 6, which he constructed and sent for testing to the Naval Laboratory, Washington; nor is he aided by the statements of Professor Crook, in his affidavits, that he saw the models at the Naval Laboratory, and one, in 1920, mounted in the wind tunnel, and that he saw plaintiff in and about the Laboratory during this period.

The plaintiff filed six or more applications for patents during the period in question, and this seems to me to dispose of his excuse of poverty, especially in view of the fact that he only became active in filing the joint application after he learned that the Curtiss Company had built an aeroplane equipped with a wing type radiator.

The excuse of the plaintiff being under subpœna of the House of Representatives during a part of the time in question, and under a direction not to communicate with the Navy or Army until his appearance before the committee terminated, and thus prevented from inquiring and obtaining results of the experiments conducted at the Naval Laboratory, seems to me to lack merit because there was no necessity for him to wait for the outcome of such experiments, and with the experience which he had in prosecuting patent applications, he must have known that his only protection of his rights depended upon his activity, and not upon the activities of the Naval Laboratory.

Even when he did file, for some reason which the record does not explain, he filed a joint application with Black, instead of filing for himself alone. There is no evidence to warrant the innuendo of the complaint that news of plaintiff's invention reached Thurston through the Naval Laboratory.

[5] The burden of proof is on the plaintiff to establish his case by evidence which in character and amount carries thorough conviction. Curtiss Aeroplane & Motor Corporation v. Janin, supra; Wiegand v. Dover Manufacturing Co. (D. C.) 292 F. 255; Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657. This burden the plaintiff has failed to bear. In fact, the evidence to my mind establishes a lack of diligence on the part of the plaintiff between 1920 and 1923.

A decree may be entered in favor of the defendant against the plaintiff, dismissing the complaint, with costs.